E-FILED
Friday, 08 January, 2010 04:13:33 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ERIC L. LUND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 09-3236 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Eric L. Lund's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Under Title 28 U.S.C. § 2255 (d/e 1) (Petition). Respondent has filed Government's Motion to Dismiss (Motion) (d/e 8). Petitioner then filed Petitioner's Reply to the Government's Response to Petitioner's 2255 Petition (d/e 12) and Rebuttal Declarations in Support of Petitioner's Reply (Traverse) Concerning the Government's Response to Petitioner's 2255 (d/e 13). This matter is fully briefed and ripe for adjudication. For the reasons stated below, Respondent's Motion is granted.

## FACTS

On March 28, 2006, the Government charged Petitioner in a one-count Information with attempting to entice a minor in sexual activity, in violation of 18 U.S.C. § 2422(b). Central District of Illinois Case No. 06-30031, Information (d/e 4). Petitioner waived his right to indictment that same day, and entered into a Plea Agreement and Stipulation of Facts (Plea Agreement) with the Government. Central District of Illinois Case No. 06-30031, Waiver of Indictment (d/e 5); Plea Agreement (d/e 6). In the Plea Agreement, Petitioner agreed to waive his right to directly appeal his conviction and sentence as long as the Court did not impose a sentence greater than 72 months imprisonment. Central District of Illinois Case No. 06-30031, Plea Agreement, ¶ 8. Petitioner also waived his right to collaterally attack his conviction and sentence. Central District of Illinois Case No. 06-30031, Plea Agreement, ¶¶ 9-10.

Petitioner pleaded guilty to the Information before U.S. Magistrate Judge Byron G. Cudmore on April 18, 2006. Central District of Illinois Case No. 06-30031, Minute Entry of April 18, 2006. Judge Cudmore advised Petitioner of his rights, and discussed the Plea Agreement with Petitioner prior to Petitioner entering his plea of guilty. Id. Petitioner did

not object to Judge Cudmore's Report and Recommendation Concerning Plea of Guilty (R&R), and this Court adopted the R&R and accepted Petitioner's guilty plea on May 9, 2006. Central District of Illinois Case No. 06-30031, Text Order of May 9, 2006.

On August 28, 2006, this Court sentenced Petitioner to a 60-month term of imprisonment, followed by life on supervised release, and a $100 special assessment. Central District of Illinois Case No. 06-30031, Minute Entry of August 28, 2006. The Court entered judgment against Petitioner on August 29, 2006. Central District of Illinois Case No. 06-30031, Judgment in a Criminal Case (d/e 13). Petitioner did not appeal.

More than three years later, on September 14, 2009, Petitioner filed the instant case, seeking federal habeas review under 28 U.S.C. § 2255. See Petition.

ANALYSIS

Petitioner asserts that he is entitled to habeas relief because he is innocent, and because he was denied his Sixth Amendment right to effective assistance of counsel. The Government argues that the Petition is barred by the statute of limitations and, in the alternative, that Petitioner waived his right to collateral attack in the Plea Agreement in the underlying criminal

3

case. The Government also contends that Petitioner's allegations are without merit.

The Court need not address the substance of Petitioner's claims because the Petition is barred by the statute of limitations. Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214 (1996), contains a one-year statute of limitations that runs from the latest of:

>  (1)  the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The one-year limitations' period began running on Petitioner's claim

when the judgment of conviction became final.[1]  The Court entered judgment against Petitioner on August 29, 2006.  <u>Central District of Illinois Case No. 06-30031</u>, <u>Judgment in a Criminal Case (d/e 13)</u>.  Under the Federal Rules of Appellate Procedure prevailing at the time, Petitioner had ten days to file a notice of appeal and appeal his sentence and conviction to the U.S. Court of Appeals for the Seventh Circuit.  <u>See</u> Fed. R. App. P. 4(b)(1)(A) (2005) (amended 2009).  He did not do so, and therefore judgment became final for § 2255 purposes on September 13, 2006.

Petitioner had until September 13, 2007, to file a petition for writ of habeas corpus under § 2255.  However, Petitioner waited until September 14, 2009, to file his Petition.  This was three years after his conviction and sentence had become final for § 2255 purposes, and two years after the statute of limitations expired. Accordingly, the Petition is untimely, and the Court must dismiss it.  <u>See</u> <u>United States v. Marcello</u>, 212 F.3d 1005, 1010 (7th Cir. 2000).

THEREFORE, the Government's Motion to Dismiss (d/e 8) is GRANTED.  All other pending motions are denied as moot.  This case is

---

[1]Petitioner has not alleged facts that would trigger the applicability of any of the other grounds under § 2255(f).

closed.

IT IS THEREFORE SO ORDERED.

ENTER: January 8, 2010

FOR THE COURT:

                                           s/ Jeanne E. Scott
                                             JEANNE E. SCOTT
                                UNITED STATES DISTRICT JUDGE